**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

SKYE A. BURNS                                                                    PLAINTIFF

v.                                                    3:18cv00014-DPM-JJV

MARTY BOYD, Sheriff,
Craighead County; *et al.*                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Skye A. Burns ("Plaintiff") is incarcerated at the Craighead County Detention Facility and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 4.)  He alleges he has been subjected to unconstitutional conditions of confinement.  (*Id*. at 4.)  After careful review of Plaintiff's Amended Complaint,[1] I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II.    SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

---

[1] Plaintiff amended his original Complaint to add his signature, as he was instructed to do in a previous Order.  (Doc. Nos. 2-4.)

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    ANALYSIS

Plaintiff alleges he has been subjected to unconstitutional conditions of confinement at the detention facility, where Defendants are "responsible for the upkeep of the jail and to make sure that its ran properly and ran safely." (Doc. No. 4 at 4.) He lists "the conditions that we've been having" as follows: (1) lack of yard call; (2) leaking ceilings and windows; (3) stopped up shower drains; (4) showers that had not been cleaned until recently; (5) lack of proper cleaning supplies; (6) mold and mildew in living areas and cells; (7) improper ventilation; (8) inadequate mattresses; (9) cell lights that never go out; (10) lack of sheets; and (11) lack of heat. (*Id*. at 4-5.) Plaintiff also lists "improper medical fees." (*Id*. at 5.) For relief, he seeks monetary damages as well as an order to "fix" the conditions. (*Id*. at 6.)

As I noted in a prior Order (Doc. No. 5), Plaintiff has failed to plead enough facts to state a claim to relief that is plausible on its face. His conditions of confinement claim is merely a list of purported deficiencies in the jail rather than an allegation that Defendants have been deliberately

indifferent to an excessive risk to his health or safety.  *See Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (deliberate indifference standard for convicted inmates); *Whitnack v. Douglas Cty.*, 16 F.3d 954, 957 (8th Cir. 1994) (same standard for pretrial detainees).  His claim regarding yard call fails to allege Defendants have been deliberately indifferent to his exercise needs, resulting in a threat to his health.  *See Wishon v. Gammon*, 978 F.2d 446, 448-49 (8th Cir. 1992).  And he provides no context for his allegation regarding improper medical fees, a claim that appears to be factually unrelated to Plaintiff's other claims, making them unsuited for prosecution in a single action against multiple defendants.  *See* Fed. R. Civ. P. 20(a)(2).  On the whole, Plaintiff's claims are unsupported by any specific facts.

I offered Plaintiff an opportunity to further amend his Amended Complaint to cure these deficiencies (Doc. No. 5 at 4-5), but he has not done so in the time allowed.  His Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's Amended Complaint (Doc. No. 4) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.     Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

---

[2] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 26th day of March, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE